UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MINTEX, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:23-CV-0301-B |
| | § | |
| PROFESSIONAL ACCOUNT | § | |
| MANAGEMENT, LLC et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Mintex, Inc. ("Mintex")'s Motion for Leave to File Second Amended Complaint (Doc. 24). For the following reasons, the Court **DENIES** Mintex's Motion.

### I.

### BACKGROUND

This is a breach of contract case. Mintex originally filed this lawsuit in state court on December 30, 2022. Doc. 24, Mot., 2. Defendants removed the case to federal court on February 9, 2023. *Id.* Mintex filed its First Amended Complaint on March 30, 2023. *Id.* The Court's Scheduling Order set the deadline to file amended pleadings or join additional parties for September 7, 2023. Doc. 14, Scheduling Order, 1. On that date, Mintex filed the opposed Motion for Leave File a Second Amended Complaint, seeking to join North Texas Toll Authority ("NTTA") as a defendant in this lawsuit. Doc. 24, Mot., 2. Mintex seeks to assert fraudulent inducement and fraudulent misrepresentation claims against NTTA. Doc. 24-1, Sec. Am. Compl., ¶¶ 39–42, 48–50. The Court considers the Motion below.

II.

LEGAL STANDARD

District courts give plaintiffs leave to amend their complaints "when justice so requires." Fed. R. Civ. P. 15(a)(2). This liberal standard, however, "is tempered by the necessary power of a district court to manage a case." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003). Ultimately, the decision whether to grant leave to amend a complaint is within "the sound discretion of the district court." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (quotation omitted). When exercising that discretion, district courts consider the following factors: "whether there has been undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998) (quotation and emphasis omitted).

III.

ANALYSIS

The Court finds that it would be futile to grant Mintex's Motion for Leave to File a Second Amended Complaint (Doc. 24). The only amendment to the new complaint is Mintex seeking to assert certain claims against NTTA. *Id.* at 2–3. This amendment, however, is futile because NTTA is subject to governmental immunity from this suit.

Granting leave to amend a complaint is futile when "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). It is less established whether an amended complaint would likewise be futile if it would fail to survive a 12(b)(1) motion for lack of subject matter jurisdiction. In *Wiggins v. Louisiana State*

*Univ.-Health Care Servs. Div.*, the Fifth Circuit affirmed the district court denying a plaintiff leave to amend her complaint because the court concluded it would lack subject matter jurisdiction over any potential amendments. *See* 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam). Therefore, Mintex's Motion for Leave to Amend its Complaint is futile if the Court would lack subject matter jurisdiction over the claims against NTTA. *See id.*

A court lacks subject matter jurisdiction over a dispute if the defendant has governmental immunity. *Morgan v. Plano Indep. Sch. Dist.*, 724 F.3d 579, 582 (5th Cir. 2013). "Texas governmental immunity, unlike constitutional sovereign immunity, applies to the state's political subdivisions." *Tercero v. Texas Southmost Coll. Dist.*, 989 F.3d 291, 297 (5th Cir. 2021) (citations omitted). Under Texas law, political subdivisions of the state of Texas are governmental entities subject to governmental immunity. *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006). Governmental entities, including political subdivisions, are entitled to governmental immunity unless there is "a clear and unambiguous expression of the Legislature's waiver of immunity." *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 696 (Tex. 2003) (citation omitted). The plaintiff has the burden of establishing that the Legislature waived a governmental entity's immunity. *Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999).

The NTTA is a political subdivision of the state of Texas and is therefore entitled to governmental immunity. TEX. TRANSP. CODE § 366.032(a) (describing a toll authority as "a political subdivision of this state"); *Zaidi v. N. Texas Tollway Auth.*, No. 05-17-01056-CV, 2018 WL 6426798, at *2 (Tex. App.—Dallas 2018, no pet.) (mem. op.) ("A governmental entity such as NTTA is generally immune from suit unless the immunity is waived by the Legislature.") (citation omitted); *see also Reyes v. N. Texas Tollway Auth.*, 830 F. Supp. 2d 194, 208 (N.D. Tex. 2011) (Fish, J.).

Therefore, the Court possesses subject matter jurisdiction over Mintex's proposed amendments to its Complaint only if there is a clear and unambiguous waiver of NTTA's governmental immunity. *See Wichita Falls State Hosp.*, 106 S.W.3d at 696. Mintex has not established such a waiver here. Despite acknowledging that NTTA is a political subdivision of Texas, Mintex has made no arguments suggesting that the Texas Legislature waived NTTA's governmental immunity. *See* Doc. 24-1, Sec. Am. Compl., ¶ 6. Therefore, the Court concludes it would not have subject matter jurisdiction over Mintex's claims against NTTA.

The Court finds that granting Mintex leave to amend its Complaint to assert claims against NTTA would be futile because these claims fall outside the Court's jurisdiction. Because this finding determines the outcome of Mintex's Motion, the Court need not address the Defendants' other arguments against granting Mintex leave to amend.

### IV.

### CONCLUSION

For the reasons discussed above, the Court finds that it would be futile to grant Mintex leave to amend its complaint. Accordingly, the Court **DENIES** its Motion for Leave to File Second Amended Complaint (Doc. 24).

**SO ORDERED**.

**SIGNED: November 2, 2023.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE